IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BOBBY WAYNE PACK, <br> TDCJ No. 1211617, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN COLLIER, Executive Director, <br> Texas Department of Criminal Justice, <br> *et al.*, <br><br> Defendants. | §§§§§§§§§§§§§ | Civil Action No. 7:20-cv-00157-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss filed by Defendants Bryan Collier, James Smith, Cody Miller, and Mary Ballard. ECF No. 35. After reviewing the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** the Motion (ECF No. 35) and **DISMISS** Plaintiff's claims against Collier, Smith, Miller, and Ballard **with prejudice**. The undersigned further **RECOMMENDS** that Chief Judge Lynn *sua sponte* **DISMISS** Plaintiff's claims against Defendants Linda Miller and Charlotte Richey **with prejudice**.

**I.    BACKGROUND**

Plaintiff Bobby Wayne Pack was convicted of capital murder and is serving a life sentence in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ"). *See* ECF No. 1; *Inmate Information Details: Pack, Bobby Wayne*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj. texas.gov/InmateSearch/viewDetail.action?sid=04483304 (last visited Mar. 9, 2022); Fed. R. Evid. 201(b) (stating a court may take judicial notice of a fact not subject to reasonable dispute). He sues eleven Defendants under 42 U.S.C. § 1983. ECF No. 1 at 3-4.

Defendants include TDCJ officers who allegedly used unprovoked, excessive force against Pack by spraying him with a "chemical agent" despite his "totally submitting to restraints." *Id.* at 6-7. Pack was found guilty in related TDCJ disciplinary cases for "attempted assault" of an officer and for refusing to obey escort procedures. *Id.* at 6-8; *see also id.* at 12-15 (Offender Grievance Forms for first case); ECF No. 13 at 18-21 (same for second case). Defendant Mary Ballard represented Pack as counsel substitute in the disciplinary proceedings. *See* ECF No. 1 at 3-4. Defendant Cody Miller is a TDCJ officer who presided over Pack's ultimate disciplinary hearing. *See id.* at 3. Pack claims Ballard and Miller committed due process violations. *Id.* at 3; ECF No. 13 at 7-9. He also names Defendants Bryan Collier and James Smith as TDCJ's Executive Director and Warden of the Allred Unit, respectively. *See* ECF No. 1 at 3. Collectively, these four Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 35.

Pack proceeds *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 9. He has not responded to the Motion to Dismiss despite the Court's ordering him to do so. *See* ECF No. 45.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) permits motions to dismiss a case for lack of subject-matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). A court thus "properly dismisse[s] for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n*

*of Miss., Inc. v. City of Madison*, *Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). It must presume a case falls outside its limited jurisdiction, as "the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Rule 12(b)(1) motions present either "facial" or "factual" attacks to the Court's jurisdiction. *Brown v. Peterson*, No. 7:03-cv-0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006). Where, as here, the defendants challenge the pleadings alone and do not support their motion with evidence, the attack is considered facial. *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953-54 (N.D. Tex. 2013); *see also Parks v. Hinojosa*, No. 4:21-cv-00111-O, 2021 WL 1720219, at *2 (N.D. Tex. Apr. 30, 2021) (explaining that Rule 12(b)(1) motions are presumptively facial attacks). The Court must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe*, 972 F. Supp. 2d at 953.

A dismissal for lack of subject matter jurisdiction "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020). Further, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits motions to dismiss a case for "failure to state a claim upon which relief can be granted." *See also* Fed. R. Civ. P. 8(a)(2) (requiring the complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief"). These motions serve "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."

3

*Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Accepting "all well-pleaded facts as true" and "viewing them in the light most favorable to the plaintiff," the Court considers "whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir.2008)). In the prisoner litigation context, the Court must also "look beyond the inmates' formal complaint and [] consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Those materials include any responses to a court-issued questionnaire, which "is a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 & n.14 (5th Cir. 1996) (explaining that questionnaire responses supplement the inmate's complaint). A *pro se* prisoner's complaint "must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976).

### III.   ANALYSIS

Title 42 U.S.C. § 1983 creates a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected,

any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

### A. The Court should grant Defendants' Motion under Rule 12(b)(1).

State officials acting in their official capacities are not "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Instead, a § 1983 claim seeking damages "against a person in his official capacity is treated as a suit against the governmental entity that employs him." *Caldwell v. Dall. Cnty. Sheriff*, No. 3:04-cv-2166-L, 2006 WL 298128, at *1 (N.D. Tex. Feb. 2, 2006). If the governmental entity is an instrumentality of one of the United States, then the Eleventh Amendment's sovereign immunity doctrine deprives the Court of jurisdiction to review that claim. *See id.*; *see also Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state."). The TDCJ is one such instrumentality. *Harris v. Angelina Cnty., Tex.*, 31 F.3d 331, 337 n.7 (5th Cir. 1994).

Pack sues TDCJ officers for compensatory and punitive damages. ECF No. 1 at 5. As Defendants observe, the Complaint does not specify the capacities in which he sues them. ECF No. 35 at 2. So Defendants raise sovereign immunity as a defense to the extent applicable. *Id.* at 2-3. It appears Pack seeks at least some damages from Defendants in their official capacities. ECF No. 13 at 16. He does not allege, nor is the Court aware, that any exception to the sovereign immunity doctrine applies here. *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987) (explaining waiver and abrogation exceptions). Thus, to the extent Pack seeks damages from any Defendant who is a TDCJ employee sued in his or her official capacity, the Court lacks subject-matter jurisdiction to review his claims, which should be dismissed without prejudice. *See Warnock*, 88 F.3d at 343.

## B. The Court should grant Defendants' Motion under Rule 12(b)(6).

To state a plausible § 1983 claim, Pack must allege facts showing "two vital elements: (1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the State of Texas." *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988) (quoting § 1983). Pack's claims against the Defendants discussed below fail under either or both elements, warranting their dismissal for failure to state a claim upon which relief can be granted.

### 1. The claims against Bryan Collier and James Smith fail under the second § 1983 element.

Plaintiffs must plead the defendants' personal involvement to show the second element of a § 1983 claim. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Creekmore v. Att'y Gen. of Tex.*, 341 F. Supp. 2d 648, 659 (E.D. Tex. 2004) (citing *Thompson*, 709 F.2d at 382) (analyzing "personal involvement" under the second element). This is because § 1983 "does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Consequently, Pack must allege facts showing an affirmative link between his injury and an act of each Defendant he sues. *Murphy v. Kellar*, 950 F.2d 290, 292 & n.7 (5th Cir. 1992). Pack's pleadings do not permit a reasonable inference that any affirmative link exists for Collier or Smith. *See Ashcroft*, 556 U.S. at 678.

He alleges Collier "is legal[ly] responsible for the overall operation of the [TDCJ] and each institution under its jurisdiction, including (James V. Allred Unit)." ECF No. 1 at 3. Pack specifies that Collier is "legally responsible" for those he "has authorit[y to] oversee." ECF No. 13 at 1. Similarly, Pack alleges Smith "is legally responsible for the operation of James V. Allred Unit" and "for the welfare of all inmates of that prison." ECF No. 1 at 3. Smith "failed [to] stop []wanton

acts of the officers at James V. Allred" and should be held liable for his "omission as [authorities] continue to impose physical harm to inmates." ECF No. 13 at 2.

While these allegations, accepted as true, indicate Collier's and Smith's supervisory authority at TDCJ and its Allred Unit, they do not suggest any cognizable theory of § 1983 liability for Collier or Smith. *See Oliver*, 276 F.3d at 742. Pack could establish the required affirmative link if his pleadings indicated Collier and Smith committed acts of deliberate indifference or implemented an unconstitutional policy that injured him. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). For example, he could have alleged facts showing Collier and Smith were "subjectively aware" of a "substantial risk of serious harm" to Pack and disregarded that risk, *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994) (deliberate indifference), or that they "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985)).

But Pack's allegations against Collier and Smith do not reference a TDCJ policy, much less one they implemented and which caused the constitutional violation he asserts. *See* ECF No. 1; ECF No. 13 at 1-2. Nor do they indicate Collier and Smith were aware of, and disregarded, a substantial risk of harm to Pack. *See* ECF No. 1; ECF No. 13 at 1-2; *Farmer*, 511 U.S. at 837 (explaining "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). The pleadings instead focus on an isolated sequence of events—an alleged excessive force incident followed by disciplinary proceedings—in which Collier and Smith were not involved. *See* ECF No. 1 at 6-8. As they cannot be held liable under a theory of supervisory or *respondeat superior* liability, Collier

and Smith should be dismissed from this action because Pack fails to state a plausible claim against them.

## 2. The claim against Cody Miller fails under the first § 1983 element.

Pack alleges Fifth and Fourteenth Amendment Due Process Clause violations against Cody Miller arising from the disciplinary hearing over which Miller presided. ECF No. 13 at 7-8. Because the Fifth Amendment's Due Process Clause applies only to a federal official's actions, Pack's Fifth Amendment claim against Miller—a state official—necessarily fails. *Hill v. Walker*, 718 F. App'x 243, 247 (5th Cir. 2018) (quoting *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)); *see also Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 (1st Cir. 2007) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)) ("The Fifth Amendment Due Process Clause, however, applies 'only to actions of the federal government—not to those of state or local governments.'").

The Fourteenth Amendment's Due Process Clause "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see* U.S. CONST. amend. XIV. Pack's allegations against Miller do not suggest his life or property interests were at stake during the disciplinary hearing, leaving his liberty interest for review. *See* ECF Nos. 1, 13. A "prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (alteration and emphasis in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Aside from an inmate's potential liberty interests in good-time credits or release on parole, "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status." *Id.* at 31-32.

8

At the hearing, Miller allegedly committed "procedural due process violation[s]," (ECF No. 1 at 4), because he "denied all witnesses d[ue] to plaintiff not knowing identity of security staff and told plaintiff it was not counselor substitute['s] du[ty] to [obtain] witnesses for plaintiff." *Id.* at 8. Miller added that "it was plaintiff['s] duty to conduct and investigate and prepare a defense," not his counsel substitute's. ECF No. 13 at 7. He also denied video evidence that would exculpate and vindicate Pack: "The Captain [Miller] state that plaintiff couldn't use an[] excessive force video/[audio] in a ma[jor] disciplinary hearing for defense." *Id.* at 8.

Missing from Pack's claims are allegations of the liberty interest at stake that would trigger the Fourteenth Amendment's procedural protections. *See Wilkinson*, 545 U.S. at 221. His only injury from the hearing concerned his custodial classification: "Plaintiff found guilt[y] of attempted assault on Lieutenant and sent[e]nce [i]mpose[d] higher custody level G-5." ECF No. 1 at 6. A "prisoner's change in custody status, including his placement in disciplinary segregation or lock-down . . . , does not implicate a liberty interest because those punishments do not represent 'the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.'" *Nathan v. Hancock*, 477 F. App'x 197, 199 (5th Cir. 2012) (quoting *Sandin*, 515 U.S. at 486).

Pack alleges facts that, construed liberally, indicate his confinement conditions changed because of the disciplinary proceedings. *See* ECF No. 1 at 7 (referencing Pack's housing transfer, "heat score," and "medical diagnos[is]"). But he does not allege facts indicating the outcome of the disciplinary hearing—the altered G-5 custody status—clearly impinged on his confinement's duration. *See Orellana*, 65 F.3d at 31-32. And because Pack is serving a life sentence for capital murder, he has no potential liberty interests in good-time credits or release on parole. *See*

*Covarrubias v. Wallace*, 907 F. Supp. 2d 808, 822-23 (E.D. Tex.), *rec. adopted*, 907 F. Supp. 2d 808 (E.D. Tex. 2012). Thus, the Court should dismiss his due process claim against Miller.

### 3. The claim against Mary Ballard fails under both § 1983 elements.

Pack asserts a due process claim against his counsel substitute Mary Ballard leading up to his disciplinary hearing. ECF No. 1 at 3; ECF No. 13 at 9. He claims she "failed to investigate and provide defense witnesses" for his hearing. ECF No. 1 at 3. Because "the actions of counsel substitute in a prison disciplinary hearing are not actions under the color of state law," any § 1983 claims against them are infirm. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995); *see also Cox v. Blackwell*, No. 2:11-cv-0174, 2011 WL 3606719, at *2 (N.D. Tex. Aug. 16, 2011) (citing *Banuelos*, 41 F.3d at 234) ("A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983."). Consequently, Pack cannot establish the second element needed to state a viable § 1983 claim against Ballard.

He also cannot show the first element because, as discussed in the previous section, his disciplinary hearing did not result in an unconstitutional liberty-interest violation. As the court explained in *Covarrubias*,

> Even if his counsel substitute could somehow be held liable under [§] 1983, [Plaintiff] has not shown that any action taken by his counsel substitute deprived him of a right protected by the Constitution or laws of the United States, in light of the fact that the disciplinary proceeding did not deprive him of a constitutionally protected liberty interest.

907 F. Supp. 2d at 814. Because Pack cannot establish either § 1983 element against Ballard, the Court should dismiss his claim against her.

### 4. The Court should *sua sponte* dismiss the claims against Defendants Charlotte Richey and Linda Miller for the same reasons as Ballard.

Pack sues two other counsel substitutes who represented him in the same disciplinary proceedings, Linda Miller and Charlotte Richey. ECF No. 1 at 4. And he alleges similar due process claims against them, asserting they inadequately represented him. ECF No. 13 at 14-15. These claims suffer from the same infirmities as his claim against Ballard.

Although Miller and Richey are not movants in the Motion to Dismiss (*see* ECF No. 35), the Court may *sua sponte* dismiss Pack's claims against them because of its authority to screen *in forma pauperis* cases under 28 U.S.C. § 1915(e)(2)(B). *See also Scope v. Wright*, No. 7:14-cv-002-O, 2015 WL 2152795, at *1 (N.D. Tex. May 6, 2015) (stating that "where an inmate is permitted to proceed *in forma pauperis*, the Court on its own motion may review any action to determine if the action is frivolous, malicious, or fails to state a claim on which relief may be granted," applying "the same standard of review as for a motion to dismiss under Rule 12(b)(6)"). Noting Pack proceeds *in forma pauperis* (ECF No. 9), the Court should thus *sua sponte* dismiss his claims against counsel substitutes Miller and Richey.

### 5. The Court should dismiss these claims with prejudice because Pack has pleaded his best case.

A district court generally "errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But once the inmate has pleaded his "best case," the Court may dismiss any of the inmate's meritless claims with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the inmate has filed his complaint and submitted questionnaire responses, then the Court may conclude he has pleaded his best case such that granting him further leave to amend would be futile or cause unnecessary delay. *See, e.g.*, *Witherspoon v. Waybourn*, No. 4:20-cv-1150-P, 2021 WL 2635917,

11

at *10 (N.D. Tex. June 25, 2021); *McLean v. King*, No. 3:20-cv-1244-C-BK, 2020 WL 6049297, at *2 (N.D. Tex. Sept. 15, 2020), *rec. adopted*, 2020 WL 6048202 (N.D. Tex. Oct. 13, 2020).

Pack's filings include the following: a Complaint (ECF No. 1); Response to Order Requiring Statement from Plaintiff (ECF No. 7); and Answers to the Court's Questionnaire (ECF No. 13). The undersigned treats the latter two filings as amendments to his Complaint. *See Howard*, 707 F.2d at 220. Granting Pack more opportunities to amend would be futile and result in unnecessary delay. *See Witherspoon*, 2021 WL 2635917, at *10; *McLean*, 2020 WL 6049297, at *2. Moreover, the Court directed Pack to respond to the Motion to Dismiss by January 6, 2022. ECF No. 45. Almost two months have passed since that deadline and, while Pack has since filed various motions and correspondences, he has not filed a response as ordered. Pack has pleaded his best case against the above-discussed Defendants, and the Court should dismiss his claims against them with prejudice.

## IV.    CONCLUSION

Because the Court lacks jurisdiction over Pack's official capacity claims, and because Pack does not allege plausible § 1983 claims against the movants, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** the Motion to Dismiss (ECF No. 35). Specifically, the Court should **DISMISS** Pack's claims seeking damages from TDCJ Defendants sued in their official capacities **without prejudice**, and it should **DISMISS** his claims against Bryan Collier, James Smith, Cody Miller, and Mary Ballard **with prejudice**. The Court should *sua sponte* **DISMISS** Pack's claims against Linda Miller and Charlotte Richey similarly **with prejudice**. Remaining would be Pack's claims against Defendants William Barry, Payton Rodriguez, Brice Byrd, Bryce Bates, and Joseph Turner.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on March 9, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE