IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **BOBBY WAYNE PACK,** § <br> **TDCJ No. 1211617,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **BRYAN COLLIER,** Executive Director, § <br> Texas Department of Criminal Justice, § <br> *et al.*, § <br> § <br> Defendants. § | Civil Action No. 7:20-cv-00157-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Bates, Turner and Richey's Motion to Dismiss. ECF No. 50. The Motion is moot as to Richey, whom the Court previously dismissed from this case with prejudice. *See* ECF No. 65. After considering the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **GRANT** the Motion (ECF No. 50) as to Bates and Turner and likewise **DISMISS** them from this case **with prejudice**.

I.   **BACKGROUND**

Plaintiff Bobby Wayne Pack was convicted of capital murder and is serving a life sentence in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ"). *See* ECF No. 1; *Inmate Information Details: Pack, Bobby Wayne*, TEX. DEP'T OF CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04483304 (last visited August 1, 2022); Fed. R. Evid. 201(b) (stating a court may take judicial notice of a fact not subject to reasonable dispute).

Under 42 U.S.C. § 1983, Pack sues TDCJ officers William Barry, Payton Rodriguez, and Brice Byrd for their alleged use of excessive force against him in 2020. ECF No. 1 at 3-4, 6-7;

ECF No. 13 at 3-6, 10-11. He also sues TDCJ officers Bryce Bates and Joseph Turner for their involvement in related disciplinary proceedings. *See* ECF No. 1 at 4. At issue here are Bates and Turner (collectively, "Defendants"), who move the Court for their dismissal under Federal Rule of Civil Procedure 12(b). ECF No. 50.

Bates allegedly committed a "procedural due-process violation" (ECF No. 1 at 4) under the Fifth Amendment of the United States Constitution because he gave Pack a "false disciplinary for [threatening an] officer." ECF No. 13 at 12. And although difficult to construe from his pleadings (*see* ECF Nos. 1, 13), Pack apparently claims Turner committed a similar "procedur[al] due process violation" (ECF No. 1 at 4) by falsely giving Pack a disciplinary case for threatening an officer. *See* ECF No. 13 at 13.

In their Motion, Bates and Turner contend the Court lacks jurisdiction over Pack's claims, which are otherwise meritless. ECF No. 50. The Court ordered Pack, who proceeds *pro se* and *in forma pauperis* (*see* ECF No. 9), to respond to the Motion by February 8, 2022. ECF No. 52. On March 2, Pack suggested he needed more time to respond (*see* ECF No. 58), but he never requested a specific time extension and has not filed a response to date. *See* ECF No. 53-73. The Motion is ripe for review.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits motions to dismiss a case for "failure to state a claim upon which relief can be granted." *See also* Fed. R. Civ. P. 8(a)(2) (requiring the complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accepting "all well-pleaded facts as true" and "viewing them in the light most favorable to the plaintiff," the Court considers "whether the pleadings contain 'enough facts to state a claim to relief that is plausible

2

on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir.2008)). In the prisoner litigation context, the Court must also "look beyond the inmates' formal complaint and [] consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Those materials include any responses to a court-issued questionnaire, which "is a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 & n.14 (5th Cir. 1996) (indicating questionnaire responses supplement the inmate's complaint). The Court must liberally construe a *pro se* prisoner's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**B.     42 U.S.C. § 1983**

Section 1983 creates a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." To state a plausible § 1983 claim, the plaintiff must allege facts showing "two vital elements: (1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the State of Texas." *Daniel v.*

3

*Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Defendants do not dispute the latter "under color" requirement.

### III.   ANALYSIS

Defendants first move under a separate sub-rule—Federal Rule of Civil Procedure 12(b)(1)—in arguing the Court lacks jurisdiction over Pack's claims to the extent he sues them in their official capacities. ECF No. 50 at 2-3. The Court already granted relief on this argument, which is moot. *See* ECF No. 65 ("Final Judgment as to Certain Claims"). Even so, the Court should construe Pack's pleadings as suing Defendants in their individual capacities too. *See Stephenson v. Gray Cnty. Sheriff Dep't*, No. 2:19-cv-222-Z-BQ, 2021 WL 1216477, at *2 (N.D. Tex. Feb. 26, 2021) ("While 'official capacity is presumed' when a plaintiff does not otherwise specify, this Court has nevertheless liberally construed such complaints as alleging both individual and official capacity claims against the official."), *rec. adopted*, 2021 WL 1212801 (N.D. Tex. Mar. 30, 2021).

Defendants next contend, still under Rule 12(b)(1), that the Court lacks jurisdiction over Pack's claims to the extent they arise under Texas common law. ECF No. 50 at 3-5. As discussed below, Pack's federal claims against Bates and Turner are not cognizable. Accordingly, the Court should decline exercising jurisdiction over any such state-law claims against Bates and Turner. *See Solis v. Barber*, No. 3:20-cv-00765-E-BT, 2021 WL 3434991, at *9 (N.D. Tex. June 30, 2021), *rec. adopted*, 2021 WL 3419703 (N.D. Tex. Aug. 5, 2021) (recognizing "the general rule in the Fifth Circuit directs district courts to decline to exercise jurisdiction over supplemental state law claims when the district court has dismissed all federal claims from a cause before trial").

Now turning to Bates and Turner's Rule 12(b)(6) arguments (ECF No. 50 at 5-8), the Court should dismiss Pack's procedural due process claims because they are not plausible under § 1983.

4

### A. Pack does not invoke the Due Process Clause.

A "§ 1983 action may be brought for a violation of procedural due process." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). While Pack relies on the Fifth Amendment for his due process claims against Bates and Turner (*see* ECF No. 13 at 12-13), the proper Amendment is the Fourteenth, as discussed in the undersigned's prior recommendation. ECF No. 62 at 8. The Court should construe Pack's pleadings accordingly.

The Fourteenth Amendment prohibits "any State" from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the Fourteenth Amendment "protects persons against deprivations of life, liberty, or property," those seeking "to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Moreover, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125.

The Court thus "examine[s] procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citation omitted). Only if the first step is satisfied will the Court consider the second. *Butts v. Martin*, 877 F.3d 571, 590 (2017). Pack's pleadings do not satisfy the first step.

"The types of interests that constitute 'liberty'" under the Fourteenth Amendment "are not unlimited." *Thompson*, 490 U.S. at 460. "A liberty interest may arise from the Constitution itself,

by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson*, 545 U.S. at 221 (internal citation omitted).

As Defendants observe (ECF No. 50 at 5-7), the only liberty interest Pack indicates being at stake during his disciplinary proceedings is his custodial classification: "[P]laintiff found guilt[y] of attempted assault on Lie[u]tenant and sent[e]nce [i]mpose higher custody level G-5." ECF No. 1 at 6. As previously found, Pack's G5 reclassification does not trigger Fourteenth Amendment protection. ECF No. 62 at 9; *see also Blair v. Davis*, No. 5:17-cv-276-M-BQ, 2018 WL 1083620, at *2 (N.D. Tex. Feb. 28, 2018) ("According to TDCJ's Offender Orientation Handbook, G5 status does not approach the level of restrictions imposed by administrative segregation, and certainly does not constitute 'atypical and significant hardship.'"). Pack has not responded to the Motion to submit any other liberty interest that could support his due process claims against Bates and Turner, which thus fall short. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) ("Because [Plaintiff-inmate] has not alleged a deprivation of a constitutionally cognizable liberty interest, his 42 U.S.C. § 1983 action has no arguable basis in law.").

**B.    Pack does not allege favorable termination.**

Even if Pack alleged a Fourteenth Amendment liberty interest, his claims that Bates and Turner gave him false disciplinary cases are not plausible because of the favorable termination requirement. A "prisoner must show favorable termination prior to bringing a section 1983 claim based simply on the filing of a false disciplinary charge, absent an allegation of retaliatory interference with the exercise of a constitutional right." *Woods v. Smith*, 60 F.3d 1161, 1165 n.16 (5th Cir. 1995). Otherwise, the prisoner is essentially just trying to relitigate factual findings made during his disciplinary proceeding, which § 1983 does not permit. *Ordaz v. Martin*, 5 F.3d 529, 1993 WL 373830, at *6 (5th Cir. Sept. 15, 1993).

While Pack alleges Bates and Turner initiated false disciplinary cases against him, Pack does not allege the cases were favorably resolved. *See* ECF No. 13 at 12-13; *see Ordaz*, 5 F.3d 529, 1993 WL 373830, at *6 ("Without an allegation 'that the [disciplinary proceeding] terminated in his favor,' [Plaintiff-inmate] simply has not made an arguable showing that any federally protected right has been violated."). Nor does he allege Bates and Turner harbored retaliatory animus in initiating the cases. *See* ECF No. 13 at 12-13. As Pack may not use § 1983 to relitigate factual findings made in his disciplinary proceedings, his false-disciplinary claims against Bates and Turner must be dismissed. *See also* 42 U.S.C. § 1915(e)(2) (directing courts to *sua sponte* dismiss an *in forma pauperis* complaint that "is frivolous or malicious" or which "fails to state a claim on which relief may be granted").

**IV.   CONCLUSION**

Because Pack fails to state a claim upon which relief can be granted against Defendants Bates and Turner, the undersigned **RECOMMENDS** that Chief Judge Lynn **GRANT** the Motion (ECF No. 50) and **DISMISS** Bates and Turner from this case **with prejudice**. Remaining would be Pack's claims against William Barry, Payton Rodriguez, and Brice Byrd.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on August 1, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE